**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DONNA NEAL** on behalf of herself and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> **KING DR. HALAL, INC., AN ILLINOIS CORPORATION D/B/A BABA'S HALAL, D/B/A BABA'S HALAL FAMOUS STEAK & LEMONADE, D/B/A BABA'S FAMOUS STEAKS & LEMONADE, FAWZI F. AYED, INDIVIDUALLY** <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**N<u>o.</u>** 1:22-cv-

**Hon.**
U.S. District Judge, Presiding

Hon.
Magistrate Judge

<u>**COMPLAINT**</u>

NOW COMES Plaintiff, **DONNA NEAL**, ("Plaintiff"), on behalf of herself and all other Plaintiffs similarly situated, known and unknown, by and through her attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF THE BILLHORN LAW FIRM, and for her Complaint against Defendants, **KING DR. HALAL, INC., AN ILLINOIS CORPORATION D/B/A BABA'S HALAL, D/B/A BABA'S HALAL FAMOUS STEAK & LEMONADE, D/B/A BABA'S FAMOUS STEAKS & LEMONADE, FAWZI F. AYED, INDIVIDUALLY** (collectively, "Defendants" or "Baba's"), state as follows:

**I.      <u>NATURE OF ACTION</u>**

1.      This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 6-105-040 of the Municipal Code of Chicago.

## II.    JURISDICTION AND VENUE

2.      Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

## III.    THE PARTIES

3.      Defendant, KING DR. HALAL, INC., AN ILLINOIS CORPORATION D/B/A BABA'S HALAL, D/B/A BABA'S HALAL FAMOUS STEAK & LEMONADE, D/B/A BABA'S FAMOUS STEAKS & LEMONADE (hereinafter referred to individually as ("Baba's") is an Illinois corporation that owns and operates a counter service, fast food restaurant located at 6421 S King Dr, located in Chicago, Illinois.

4.      Defendant BABA'S operates a restaurant which sells and serves prepared food and beverages to customers for consumption on and off its premises. Defendants serve food and beverage products that moved in interstate commerce prior to being used and sold at BABA'S's restaurant location in Illinois.

5.      BABA'S is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

6.      During all relevant times, BABA'S was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

7. Defendant **FAWZI F. AYED** (hereinafter referred to individually as "Ayed", and any reference to BABA'S shall likewise include and refer to Ayed) is the President and owner BABA'S and the primary day-to-day manager and decision maker of BABA'S. Ayed maintains an address at 5810 W 87th St., Apt. 1D in Burbank, Illinois.

8. In his capacity as President, owner and manager of BABA'S, Ayed was vested with the authority to implement and carry out the wage and hour practices of BABA'S.

9. Ayed acted as the manager of BABA'S and was responsible for assigning tasks, creating and distributing schedules, operations supervision, and payment of wages. Ayed oversaw all aspects of BABA'S's business operations, client interactions and food service.

10. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Ayed and Ayed in turn responded to those communications with the authority described herein.

11. Thus, at all times relevant hereto Ayed was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

12. Plaintiff, **DONNA NEAL,** is a former employee of Defendants who performed a number of restaurant cashier, food preparer, food service and janitorial duties including welcoming customers, preparing customer food orders as a short order cook, operating the cash register, cleaning the kitchen, tables and restrooms, etc.

13. Plaintiff was consistently required to work more than 40 hours each week and was not paid overtime premiums of one and one-half her regular rate of pay for such hours.

14. Plaintiff was paid a flat, per day rate of pay of approximately $70 for a purported workday of seven (7) hours. However, Plaintiff almost always worked far in excess of hours which the per-diem compensation plan was based and intended to compensate. As such Plaintiff did not

receive any compensation for  hours worked in excess of 7 per day or 40 per week.

15.     Additionally, Plaintiff worked far in excess of the hours included in her per-diem compensation structure that was not recorded by Defendants – or work off the clock. Plaintiff was not compensated for work performed "off the clock" in excess of the seven hour day which her compensation covered. Plaintiff was required to perform pre- and post-shift duties, such as cleaning and closing duties that she was not paid for outside of her per-diem wages.

16.     Lastly, as a result of Defendants' illegal per-diem wage scheme, Plaintiff was paid below the minimum wage prescribed by the IMWL and CMWO. At times, Plaintiff's regular hourly rate also fellow below the federal minimum wage set forth by the FLSA.

17.     Furthermore, Plaintiff was paid all of her wages in off-the-books cash. Defendants cash wage scheme violated the FLSA, IMWL and CMWO.

18.     Plaintiff received cash wages from Defendants and was never provided any tax designation by Defendants. As a result, Plaintiff was denied employer contributions to Medicare, Medicaid, Unemployment Insurance, etc.

19.     Plaintiff worked over 40 hours in many work weeks she worked for Defendants and was not paid proper minimum wages or overtime premiums of one and one-half her regular rate.

20.     BABA'S should have compensated Plaintiff on an hourly basis at the applicable minimum wage and, for  hours worked over 40 in individual work weeks. at a rate of one and one-half the applicable minimum wage rate, or other applicable regular rate.

21.     Defendants compensated Plaintiff, and members of the Plaintiff Class, on an improper per-diem basis and failed to pay proper hourly rates, minimum wages or overtime premiums of one-and one-half times the employees' regular hourly rates of pay for all hours worked.

22.     Upon information and belief, Defendants compensated all restaurant employees in the same or similar manner as Plaintiff by failing to compensate them minimum wages and/or overtime premiums through the illegal practices described herein.

23.     Defendants' conduct, practices and policies as alleged herein were in violation of the federal, state and local laws relied upon herein.

24.     All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class", "Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who were also paid only a flat, per-diem wage for all hours worked and  not compensated minimum wages or overtime premiums at a rate of one and one-half said regular rates for all overtime-eligible hours worked in excess of 40 in individual work weeks.

25.     As an employee(s) performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV.     <u>STATUTORY VIOLATIONS</u>

### Collective Action Under the Fair Labor Standards Act

26.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq* and recover unpaid minimum and overtime wages earned on or before the date two (2) years prior to the filing of this action. Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

27.     Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*., Count IV of this action is brought by Plaintiff to recover unpaid minimum and overtime wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**Chicago Minimum Wage Ordinance**

28.     Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 6-105-040 of the Municipal Code of Chicago, Count VI of this action is brought by Plaintiff to recover unpaid minimum and overtime wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

## V.     FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

29.     Plaintiff, at all times pertinent to the cause of action, was employed by Defendants as a restaurant employee, cashier and food preparer.

30.     Plaintiff's employment as a cashier and food preparer was integral and indispensable to Defendants' restaurant and food service business.

31.     Plaintiff began working for Defendants as a cashier and general food service employee in approximately February 2019. Plaintiff separated from Defendants in approximately May 2022.

32.     Throughout the duration of Plaintiff's employment, she worked at least two hours while physically present in the City of Chicago during individual two-week periods. As such, Plaintiff was at all times a "Covered Employee" as defined by the CMWO.

33. Defendants employed and employ "Covered Employees", including Plaintiff, and as such were and are "Employers" as defined by the CMWO. Additionally, because Defendants were operating and engaging in business, including food preparation and sales, within the City of Chicago, Defendants were and are subject to license requirements set forth by the Municipal Code of Chicago, further qualifying Defendants as "Employers" under the CMWO.

34. Upon information and belief, Defendants possessed proper license(s), insurance and permit requirements to engage in food preparation and sales and otherwise conduct business within the City of Chicago.

35. Upon information and belief, Defendants were subject to City of Chicago licensing, permit and insurance requirements and thus possessed the required and proper license(s) to prepare and sell food and beverage products and otherwise conduct business within the City of Chicago.

36. As such, Plaintiff, who worked in the City of Chicago, was a Covered Employee working for a Covered Employer as defined by the CMWO and is entitled to the CMWO's protections.

37. Plaintiff performed a variety of duties related to fast food service, including welcoming customers, operating the cash register, preparing food on the grill as a short order cook, preparing beverage products, fulfilling customer orders and requests, and cleaning the restaurant (kitchen, tables, restroom), etc. Plaintiff performed exclusively manual cashier, cooking and labor duties for Defendants.

38. Plaintiff used and handled goods and materials, including perishable food products and beverage products, which moved in interstate commerce prior to being used or purchased in Illinois.

39. All of Plaintiff's job duties, work assignments and day-to-day activities were directed by Ayed. Ayed managed day-to-day activities for Plaintiff and all other workers.

40.     Ayed was directly involved in all of Defendants' business operations, including the minute details of the specific duties being performed by Plaintiff and other employees at Baba's restaurant each day. Ayed directly supervised and managed Plaintiff and putative class members on a daily basis.

41.     Ayed regularly communicated with Plaintiff by phone, text message and in person to assign work hours and locations and discuss other employment matters, including wages.

42.     Plaintiff's schedule varied over the course of her employment with Defendants, as the days worked per week and the start/end times of shifts changed week to week.

43.     In 2019, Plaintiff worked typically worked from 5:00 p.m. to 12:30 or 12:45 a.m. five (5) days per week but was only paid until 12:00 a.m. Plaintiff was not compensated for the 30-45 minutes of closing and cleaning duties performed at the end of her shift, resulting in uncompensated work off the clock. These after-hours closing duties for which Plaintiff was not compensated included cleaning counters, filling lemonade machines, taking out trash, deep cleaning the kitchen and dining areas and prepping restaurant for the next day

44.     Between December 2019 and February 2020, Plaintiff worked from 5:00 p.m. to 12:30 or 12:45 a.m. seven (7) days per week but was only paid until 12:00 a.m. Plaintiff was not compensated for the 30-45 minutes of closing and cleaning duties performed at the end of her shift, resulting in uncompensated work off the clock.

45.     In 2020, Baba's never closed, adjusted business hours or employment practices as a result of the emerging COVID-19 pandemic. As such, Plaintiff still worked a full schedule. During most of 2020, Plaintiff worked four (4) or five (5) days per week and due to staffing shortages, often worked double shifts of approximately 12 or more hours each day. During this time, Plaintiff still incurred substantial work off the clock performing closing/cleaning duties for which she was not compensated. Due to Defendants' per-diem compensation structure, Plaintiff

was only paid for seven (7) hours each day, even when she worked a double shift of 12 or more hours.

46.     During 2021 and 2022, Plaintiff typically worked approximately three (3) days per week at slightly reduced hours. However, due to staff shortages, Plaintiff still worked double shifts on a regular basis. Furthermore, Plaintiff was not paid for after-hours closing/cleaning duties that exceed the per-diem pay of seven (7) hours.

47.     Over the course of Plaintiff's employment, Plaintiff regularly and frequently had to work in excess of her regular shifts, including uncompensated work off the clock, without any additional straight or overtime payments over and above her seven (7) hour per-diem wages,

48.     Over the course of Plaintiff's entire employment, she was always paid cash, per-diem wages of $70 per day. Plaintiff's wages only covered her first seven (7) hours of work each day. Plaintiff was not compensated regular, straight time or overtime wages for any work performed above seven (7) hours each day or 40 hours in individual work weeks.

49.     The improper per-diem, cash wage practice and serial work off the clock requirements were implemented by Ayed by his authority as owner and manager of BABA'S.

50.     These cash payments tendered to plaintiff by Defendants were not recorded by Defendants and were "off the book" payments.

51.     Over the course of her employment, Plaintiff complained to Defendants, specifically Ayed, about Defendants' failure to pay proper minimum or overtime wages.

52.     In May 2022, Plaintiff was fired by Ayed and Defendants after being asked to cover a second shift without any additional wages. Specifically, Plaintiff was asked by Ayed to stay for an evening shift after 5:00 p.m. that was supposed to be handled by Ayed's son, when Plaintiff was scheduled for the early shift.

53.     Plaintiff asked Ayed if she would be paid for the second shift, beyond the per-diem cash wages of $70 for approximately seven (7) hours. Ayed responded that Plaintiff would not be paid additional wages. As such, Plaintiff refused to work the additional shift. At that point, Ayed instructed Plaintiff not to return to work at Baba's

54.     Plaintiff was not exempt from the overtime provisions of the FLSA and IMWL.

55.     Defendants' illegal payment of wages to Plaintiff and putative class members in cash was implemented in part to assist Defendants in circumventing the overtime requirements of the FLSA and IMWL.

56.     Further, the illegal practices of a) paying Plaintiff straight per-diem wages, b) not compensating Plaintiff for hours worked in excess of the per-diem rate, c) not recording work hours via compliant time keeping or other formal record-keeping system, and d) paying Plaintiff in cash were all implemented by Defendants intentionally and for the specific purpose of avoiding the overtime obligations of the FLSA, IMWL and CMWO.

57.     Defendants' cash wage scheme decreased the amount of taxes paid by Defendants to the United States Treasury.

58.     Defendants' illegal cash payment scheme deprived Plaintiff and members of the Plaintiff Class of contributions to Social Security, Medicare and Medicaid, etc.

59.     Upon information and belief, Plaintiff understood that all hourly food service employees were paid in the same or similar fashion as described above and were also denied overtime premiums for hours worked in excess of 40 in individual work weeks.

60.     Plaintiff, and members of the Plaintiff Class on a regular basis worked in excess of forty (40) hours in a workweek without pay at the required minimum wage rates or overtime rates of time and one-half their hourly rates of pay for such hours pursuant to the requirements of the federal, state and local law.

61. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of work hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

62. The claims brought herein by the named Plaintiff are based on non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-62. Paragraphs 1 through 62 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 62 of this Count I.

63. Plaintiff, and members of the Plaintiff Class, were each an "employee" pursuant to 29 U.S.C. §203(e).

64. Defendants were each an "employer" pursuant to 29 U.S.C. §203(d).

65. Plaintiff, and members of the Plaintiff Class, were not exempt from the minimum wage provisions of 29 U.S.C. §206.

66. Plaintiff, and members of the Plaintiff Class, were not exempt from the maximum hours provisions of 29 U.S.C. §207.

67. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

68. Defendants have at all times relevant hereto failed and refused to pay compensation to their workers/employees, including the Named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-68. Paragraphs 1 through 68 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 68 of Count II.

69. Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes.

70.     Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

71.     Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than the minimum wage and overtime compensation of one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)     back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)     prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)     Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d)     such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT

1-71.   Paragraphs 1 through 71 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 71 of Count III.

72.     In denying Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

73.     Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

74.     The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)     liquidated damages equal to the amount of all unpaid compensation;

(b)     Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c)     such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-74.    Paragraphs 1 through 74 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 74 of this Count IV.

75.     Plaintiff, and members of the Plaintiff Class, were each an "employee" under 820 ILCS 105/3(d) of the IMWL.

76.     Defendants were each an "employer" as defined in the IMWL, 820 ILCS 105/3(c).

77.     Plaintiff, and members of the Plaintiff Class, were not exempt from the minimum wage provisions of the IWML, 820 ILCS 105/4(a)(1).

78.     Plaintiff, and members of the Plaintiff Class, were not exempt from the overtime wage provisions of the IWML, 820 ILCS 105/4a(1).

79.     As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

80.     The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of overtime wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid minimum and overtime wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 18, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

81.     Plaintiff seeks certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)     awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)     directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e)     for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-81.    Paragraphs 1 through 81 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 81 of this Count VI.

82.    Plaintiff, and members of the of the Plaintiff Class, were each an "employee" under the CMWO §6-105-010 of the Municipal Code of Chicago.

83.    Defendants were each an "employer" as defined in the CMWO§ 6-105-010.

84.    Plaintiff, and members of the Plaintiff Class, were and are not exempt from the minimum wage of the CMWO, §6-105-020.

85.    Plaintiff, and members of the Plaintiff Class, were and are not exempt from the overtime provisions of the CMWO, §6-105-040.

86.    Pursuant to §6-105-020, Plaintiff and members of the Plaintiff Class were entitled to be paid the applicable minimum wage for all hours worked.

87.    Pursuant to § 6-105-040, for all weeks during which Plaintiff and members of the Plaintiff Class worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times his regular hourly rates of pay.

88.    Defendants' failure and refusal to pay required minimum or overtime wages were violations of the minimum hourly wage and overtime compensation provisions of the § 6-105-020, 040.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)    Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

16

(b)     Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c)     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d)     for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

***Electronically Filed 07/25/2022***

/s/ Samuel D. Engelson
Samuel D. Engelson
John William Billhorn

Attorneys for Plaintiff, and those similarly situated, known and unknown

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 1137
Chicago, IL 60604
(312) 853-1450